### Tri-City Railway Company v. M. A. Gould.

#### Gen. No. 4,465.

1. PASSENGER—*when company liable for ejection of.* While a conductor of a street car is justified in ejecting a passenger for the use of vulgar and indecent language to the annoyance of other passengers, still, if he employs excessive force, or other unreasonable means, or removes the offending passenger under circumstances likely to cause injury, and injury is caused, the company will be liable.

2. VERDICT—*when not excessive.* A verdict of $1,100 is not excessive in an action on the case for the unlawful ejection of a passenger,

where it appears that such passenger, as the result of such unlawful ejection, received an injury to his back and hip, became lame, was to some extent incapacitated from pursuing his occupation, suffered pain, and required treatment at the hands of a physician.

Action on the case for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

JACKSON, HURST & STAFFORD, for appellant.

J. T. and S. R. KENWORTHY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellee became a passenger on a street car of appellant to go to his home in Moline. It was about ten o'clock P. M. and the night was dark and stormy. Before reaching the place where he desired to alight, appellee placed one foot on the running board and pulled the curtain to see where the car was, and partly raised himself up as though he meant to get off. The conductor, according to appellee's version of the affair, pushed him back into his seat in a rude manner and told appellee to get back there where he belonged. There is a conflict in the testimony respecting the occurrences which immediately followed, but the testimony of appellee, which is corroborated to some extent, is to the effect that appellee resented the action of the conductor by calling him a " brute," a "stinker" and a "damn fool." The conductor then ordered appellee to dry up or he would throw him off. While the witnesses do not agree as to the language used by appellee to the conductor, yet there is no serious conflict in the testimony concerning what the conductor did. He took hold of appellee by the neck and collar and threw him off the car. Appellee fell on his hip and received the injuries complained of. The case has been tried twice; the first verdict for $1,550 was set aside, and upon a retrial of the case a verdict for $1,100 was returned upon which the judgment was rendered, from which this appeal is prosecuted.

Appellant asks a reversal of this case on the ground that

the verdict is excessive, contrary to the law and not supported by the evidence; also because of alleged error in giving certain instructions for the appellee. While a conductor of a street car is justified in ejecting a passenger for the use of vulgar and indecent language to the annoyance of other passengers, still if he employ excessive force, or other unreasonable means, or removes the offending passenger under circumstances likely to cause injury, and injury is caused, the company will be liable. Chicago City Railway Co. v. Pelletier, 134 Ill. 120; North Chicago City Ry. Co. v. Gastka, 128 Ill. 613.

Whether appellee was guilty of using language justifying his expulsion from the car is a question of fact for the determination of the jury in the first instance. Only four witnesses give testimony bearing upon this question; the conductor, Elaf Sand, a passenger, Henry Haltz, the motorman and appellee. Sand and the conductor testify to language more offensive than is admitted by appellee, but there is a discrepancy in the testimony of these two witnesses respecting the language used. If the version of these two witnesses be believed, or either one of them, we concede that it would afford a justification for the ejection of appellee in a proper manner. Appellee, however, gives a different account of the affair, and if his evidence is true as to what he said and the circumstance attending its utterance, then the conductor was not justified in forcibly ejecting him.

The motorman heard none of the words passed between the conductor and appellee and hence gives no corroboration either to appellee or the conductor, upon this branch of the case. In view of the fact that Sand and the conductor testify to different language, it cannot be said that on the material question of whether appellee used such gross language as to justify the conductor in expelling him from the car, there are two witnesses against appellee, but even if this were true, we would not be justified in reversing the case, solely because two witnesses testify to a material fact, while only one supported the theory adopted by the court and jury. It is the province of the jury to determine where

the preponderance of the evidence is, and the determination of this question involves the consideration of other circumstances as well as the number of witnesses testifying. If, however, it be conceded that conditions existed which justified appellant in ejecting appellee from its car, still the duty existed to exercise the right of expulsion in a reasonable and humane manner so as to avoid unnecessary danger to appellee.

Appellee was past seventy-one years old; the conductor was twenty-nine years of age. The car was an open one with curtains drawn down. Appellee was in a seat alone; the conductor seized him by the collar and neck and pulled or threw him off the car. Appellee says he fell on his hip and injured his back and the end of his femur bone. Appellee testifies the car was running four or five miles an hour when he was thrown off. Sand also says the car was running at the time appellee was thrown off; while the conductor and motorman testify the car was stopped. No other testimony is found in the record bearing upon this question whether the car was moving at the time.

Suppose the jury believed appellee and Sand, rather than the conductor and motorman, on this question, then if the jury also believed that appellee was injured in consequence of his being forcibly ejected from the car while the same was in motion, then it is wholly immaterial, so far as the right of recovery is concerned, whether appellant had justifiable grounds for expelling appellee from the car or not. The expulsion of a person from a moving train is such an abuse of power as to render the company liable. Beach on Railways, vol. 2, sec. 888, and cases there cited.

It is also to be noted in this connection that the evidence tends fairly to prove that the conductor used more force and violence in ejecting appellee than was reasonably necessary. In addition to the testimony directly bearing on the amount of force used, the fact that appellee was injured in this manner and his collar and clothing torn, tends to prove either that the car was in motion at the time, or that the force used by the the conductor was excessive. If either of

these propositions is true and injury resulted appellant is liable.

The amount of damages awarded is said to be excessive. While the evidence as to the extent of appellee's injuries is not very clear, still it sufficiently appears that appellee received an injury to his back and hip, and that he was lame, and to some extent incapacitated for following his occupation of surveyor and carpenter; that he suffered pain almost constantly from his injury. He was treated by Dr. Looker, who testifies that he examined appellee soon after the injury and found his hip black and blue and swollen and tender to pressure, and that he prescribed liniment and plasters for the back.

When the evidence is considered bearing upon the extent of the injury, we cannot say that $1,100 is so large a verdict as to show that it was the result of prejudice, passion or corruption on the part of the jury.

Instructions numbered two and seven given for appellee are assailed as erroneous. Instruction number two is not an accurate statement of the rule relating to the degree of care a carrier of passengers owes to its passengers, but as applied to the facts of this case the omission in the instruction is harmless error. Instruction number seven is substantially a correct statement of the law relating to the manner of determining where the preponderance of the evidence is.

Finding no error in the record for which the judgment should be reversed, it is affirmed.

*Affirmed.*