## PHILLIPS et al. v. INTERSTATE MOTOR FREIGHT SYSTEM.

### Civil No. 531.

District Court, E. D. Illinois.

May 26, 1942.

———⬦———

Beasley & Zulley, of East St. Louis, Ill., for plaintiffs.

Pope & Driemeyer, of East St. Louis, Ill., for defendants.

WHAM, District Judge.

The case comes before the court upon motion of defendant to dismiss counts one, two and three of the complaint for the reason that said counts and each of them fails to state a claim upon which relief can be granted in the nature of punitive damages; also to strike paragraph five of each of said counts as being incompetent, irrelevant and prejudicial to defendant; also to dismiss the action, or, in lieu thereof, to quash the return of service of summons on the grounds set forth in said motion; also plaintiffs' motion to strike defendant's motion.

After considering the motion and the complaint in view of plaintiffs' motion to strike and in the light of the briefs of counsel filed herein, I have reached the following conclusions:

(1) Plaintiffs' motion to strike the motion of defendant should be and is denied.

(2) Counts one, two and three should be and are dismissed because they do not sufficiently charge that defendant's servant willfully and wantonly drove defendant's vehicle upon and against the plaintiffs or

the car in which they were seated or willfully and wantonly inflicted injuries upon plaintiffs, as required by the Illinois cases. Walldren Express & Van Co. v. Krug, 291 Ill. 472, 126 N.E. 97; Harris v. Piggly Wiggly Stores, Inc., 236 Ill.App. 392. That he did so may be surmised from said counts but such is not the necessary meaning of the allegations.

It seems to me that there may be some question (I have not considered same in light of any authorities) as to whether the mere fact that the driver of a motor vehicle falls asleep while driving can form the basis of a willful and wanton count in any event, or, at least, without some additional facts.

 The rule cited by defendant from the American Law Institute's Restatement of the Law of Torts, Vol. 4, Sec. 909, concerning the liability of a principal for punitive damages arising from the willful and wanton misconduct of an agent, need not be analyzed here in view of the above ruling and in view of the well settled law in Illinois that the master is liable for damages arising from injuries willfully and wantonly inflicted by a servant while engaged in the furtherance of his master's business. Chicago, Milwaukee & St. Paul Ry. Co. v. West, 125 Ill. 320, 17 N.E. 788, 8 Am.St.Rep. 380; North Chicago City Ry. Co. v. Gastka, 128 Ill. 613, 21 N.E. 522, 4 L.R.A. 481. If any legal question should arise concerning punitive damages, such question can be dealt with on the trial.

(3) Defendant's motion to quash the return of summons must be sustained for the reason that the return on the summons fails to show compliance either with Section 141, Chapter 110, Ill.Rev.Stat.1941, or with Section 157.111, Chapter 32, Ill.Rev. Stat.1941. The suit was brought in the Circuit Court of St. Clair County, Illinois. The return on the summons is in the following language:

"State of Illinois, Cook County—ss.

"I certify that I served the within writ on the within named defendant, International Motor Freight System a corporation by leaving a copy thereof with W. J. Berg, an Agent of said corporation this 19th day of February 1942.

"Thomas J. O'Brien Sheriff,
"By Samuel Orzoff, Deputy."

 Overlooking the error in the name of the defendant, it would seem that it is wholly insufficient for the return merely to show that W. J. Berg, upon whom the writ was served in a foreign county, was merely an agent of the corporation but it is essential that it show that he is the registered agent for service of such corporation, in order to bring the service within said Section 157.111. For the service to be held good it should appear from the return that one of the above-mentioned sections of the statute has been complied with in the service of the writ.

I know of no authority, and defendant cites none, to support its contention that the return on a summons served on a foreign corporation pursuant to the provisions of said Section 157.111 of Chapter 32, to be valid, must also show, in compliance with Section 141 of Chapter 110, that the officer could find no officer or agent of the defendant in the county where the suit was filed. In Hall v. Metropolitan Life Ins. Co., 298 Ill.App. 83, 90, 18 N.E.2d 388, it is said that a foreign corporation may be served under either section. See also Canright v. General Finance Corporation, D.C., 33 F.Supp. 241.

Order may be entered accordingly.