**OLSHANSKY v. THYER MFG. CORPORATION.**

No. 51 C 2013.

United States District Court,
N. D. Illinois, E. D.

Nov. 26, 1952.

Johnston, Thompson, Raymond & Mayer, Chicago, Ill., for plaintiff.

Daily, Dines, Ross & O'Keefe, Chicago, Ill., for defendant.

PERRY, District Judge.

By this action, the plaintiff, a citizen of the State of Illinois, seeks to recover the sum of ten thousand dollars for breach of contract from the defendant, an Ohio corporation. It is alleged that, on June 7, 1951, the parties entered into a contract whereby the plaintiff was appointed defendant's exclusive sales agent for the entire State of Kansas, and was to receive a commission of 6% on all sales made by him in that State. It is further averred that in August, 1951, the defendant, contrary to its agreement with the plaintiff, breached its contract with the defendant by giving to another person or persons the defendant's sales agency in the State of Kansas, and affirmatively acting to terminate plaintiff's status as such. Jurisdiction is based upon diversity of citizenship with the requisite jurisdictional amount pursuant to 28 U.S.C.A. § 1332.

The return of the United States Marshal indicates that service of summons was had upon the defendant by serving a writ together with a copy of the complaint upon the defendant corporation, "by delivering copies thereof to R. G. Hilts, Salesman an agent, of said corporation, this 14th day of December, A.D. 1951." The return also states: "The president of said corporation not found in my district."

The defendant moves to dismiss this action on three grounds. First, the defendant contends that it is not doing business in the State of Illinois and is not amenable to service of process in this State. Furthermore, R. G. Hilts is not an officer or agent of the defendant corporation, therefore the service of summons should be quashed. Secondly, the amount actually in controversy is less than three thousand dollars exclusive of interest and costs. Thirdly, it is contended that the complaint fails to state a claim upon which relief can be granted.

The defendant's motion is supported by the affidavits of Arthur W. Weber, Dorothea E. Glaudell and R. G. Hilts. The plaintiff has filed no counter-affidavits. There is no dispute as to the evidentiary facts.

Arthur W. Weber is a director and secretary of the defendant corporation, which is organized and existing under the laws of the State of Ohio and has its principal office in Toledo, Ohio. This corporation is engaged, among other things, in the business of manufacturing and selling prefabricated homes, commonly known as "Pollman" or "Thyer Homes". These homes are sold and delivered by the defendant corporation as a unit package and are assembled or constructed by the purchaser who, for the most part, are contractors or builders. The defendant has never had an office or any place of business within the State of Illinois; it has no address or bank account, nor has it ever had any address or bank account in the State of Illinois; and it has never maintained any stock, equipment, merchandise or material in the State of Illinois. The defendant corporation is not licensed to do business in the State of Illinois and it has no officers or managing agents residing in the State of Illinois. The prefabricated homes, which this defendant sells, are manufactured within the State of Ohio. The defendant makes all its sales at its home office in Toledo, Ohio, irrespective of where such sales originate; all orders for such homes are not and never have been accepted anywhere but at the home office. The defendant corporation has sales representatives who solicit orders for its prefabricated homes in various states. These sales representatives are appointed by a written contract between the defendant and the representatives. These representatives do not have any authority to make any agreements

or commitments for or on behalf of the defendant, except to solicit orders for the defendant's homes.

On November 17, 1950, the defendant entered into an agreement with Dorothea E. Glaudell, whereby the defendant appointed her to be its exclusive sales agent in certain counties, including Cook County, in the State of Illinois. This agreement provides, in substance, that she is to procure orders for the sale of "Pollman Homes", such orders to be subject to acceptance by the defendant at its home office in Toledo, Ohio. It also provides that she "shall have no authority to make any agreements or commitments for or on behalf of Thyer, and Thyer shall have the sole discretion in accepting or rejecting orders which are submitted to it." She has the right to establish her sales agents within the assigned territory, subject to the conditions and limitations of this agreement. The defendant does not have any other understanding, agreement or contract with Dorothea E. Glaudell.

All sales representatives, including Dorothea E. Glaudell, are required to and do secure all orders for such homes upon factory-order blanks, which are provided by the defendant. Such orders are valid only when accepted and acknowledged by the defendant and are addressed or directed to its office in Toledo, Ohio. All such orders are transmitted to the defendant at Toledo, Ohio, for acceptance and are filled and shipped directly to the purchaser. Dorothea E. Glaudell has always complied with this procedure. Payment for the homes is remitted directly to the home office of the defendant at Toledo, Ohio.

On February 12, 1951, Dorothea E. Glaudell, in her individual capacity, entered into an office lease with the Garratt-Callahan Co. of Illinois for the use and occupancy of office premises at 59 East Van Buren Street, Chicago, Illinois. She has maintained, used and occupied this office for her own use and purposes since that date. This office is not maintained by the defendant corporation. Dorothea E. Glaudell pays the office rental and is not reimbursed in any manner for the rental by the defendant. She has not received, at any time, any consideration from the defendant except the commissions due her as provided in the aforesaid written agreement.

Shortly after she took possession of her office, Dorothea E. Glaudell caused the name of the defendant corporation to be placed on the door of her office and in the building directory at the premises of 59 East Van Buren Street. During the year of 1951, she also caused the name of the defendant to be placed in the classified and general telephone directories in use in the City of Chicago and the State of Illinois. She did not advise the defendant corporation of her actions in this respect and she did not secure any authority or authorization from the defendant to place its name on the door of her office and in the building directory or in the telephone directories.

Within several days after the purported service of summons upon the defendant corporation on December 14, 1951, the defendant ascertained for the first time that Dorothea Glaudell had performed the above mentioned unauthorized acts. Arthur W. Weber later learned that this was done sometime during the year 1951. On December 20, 1951, upon its direction, the name of the defendant was removed from the door of the office of Dorothea E. Glaudell and from the building directory. She was also directed to cancel any and all arrangements that she had made with the local telephone company to insert the name of the defendant in its general or classified directories. In compliance with these directions, she has made arrangements to have the name of the defendant corporation deleted from the telephone directories. The defendant has not paid either the local telephone company or Dorothea E. Glaudell for the telephone service, listing or advertisement.

Since November, 1951, R. G. Hilts, the person upon whom the service of summons was had, has been employed by Dorothea E. Glaudell upon a commission basis and as a salesman, procuring orders for the defendant's prefabricated homes. He has at

230

no time ever been, nor is he now, a director, officer, managing agent, general agent, superintendent or employee of the defendant. He has at no time ever received any salary, commission or other renumeration or consideration from the defendant corporation. R. G. Hilts is a complete stranger to the alleged transactions between the plaintiff and the defendant.

■ At the outset, it should be noted that the defendant has not waived its right to challenge the jurisdiction of this Court by joining this plea with a defense to the merits, namely, failure to state a claim upon which relief can be granted. By virtue of Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading, a special appearance to challenge the jurisdiction over the person is no longer necessary. Blank v. Bitker, 7 Cir., 135 F.2d 962.

The plaintiff resorts to Rule 4(d)(7) of the Federal Rules of Civil Procedure and to Section 17 of the Illinois Civil Practice Act, Ch. 110, Sec. 141, Smith-Hurd Illinois Ann.Stat., in his effort to sustain the validity of the service of summons upon R. G. Hilts in the instant cause.

Rule 4(d)(7) of the Federal Rules of Civil Procedure provides that service shall be made as follows:

"Upon a defendant of any class referred to in paragraph (1) or (3) [Dealing with domestic and foreign corporations] of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

■ The provisions of Section 17 of the Illinois Civil Practice Act, relating to service on private corporations provide as follows:

"An incorporated company may be served with process by leaving a copy thereof with any officer or agent of said company found in the county; and in the case the officer or other person attempting to make service shall make return or affidavit upon such process that he cannot in his county find any such officer or agent of said company, then such company may be served in any other county of this State, in the manner provided in section 10 of this Act, or may be notified by publication and mail in like manner and with like effect as is provided in sections 14 and 15 of this Act."

In Illinois, one, who seeks to serve any process, notice or demand upon a foreign corporation, is not restricted to Chapter 32, Section 157.111, Smith-Hurd Illinois Ann.Stat., which provides for service on a foreign corporation through a designated agent or the Secretary of State. He may also avail himself of the provisions of Section 17 of the Civil Practice Act. Hall v. Metropolitan Life Insurance Co., 298 Ill. App. 83, 18 N.E.2d 388.

■ The plaintiff concedes that a foreign corporation must be "doing business" in Illinois before it is amenable to process. This leads the Court to the consideration of the basic question in the instant cause, namely, whether or not the defendant corporation was "doing business" in Illinois at the time of the service of summons upon R. G. Hilts. Since federal jurisdiction of this cause is founded upon diversity of citizenship, this question is controlled and determined by local law. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524; Canvas Fabricators, Inc., v. William E. Hooper & Sons Co., 7 Cir., 1952, 197 F.2d 485.

■ The rule is firmly established in Illinois that a foreign corporation whose activities are limited solely to solicitation of interstate business in that state is not amenable to process. Booz v. Texas & Pacific Ry. Co., 250 Ill. 376, 95 N.E. 460;

Bull & Co. v. Boston & Maine R. Co., 344 Ill. 11, 175 N.E. 837; Canvas Fabricators, Inc. v. William E. Hooper & Sons Co., supra. In the Booz case, the plaintiff sued the Texas and Pacific Railway Company for the value of an overcoat alleged to have been lost through the negligence of the railroad. The summons was served upon one George W. Pither, as chief clerk and agent of the defendant railway. Defendant filed a motion to quash and set aside the return of the bailiff. The defendant railway never owned, leased or operated any road in the State of Illinois, nor had any principal office in this State. Pither was an employee of W. C. Staley, a soliciting freight agent, and Ellis Farnsworth, a soliciting passenger agent of several foreign railroad companies, including the defendant. The defendant and four other railroad companies maintained three offices in the State and jointly paid the office expense and salaries of the employees, the defendant paying its share of the rental and salaries. All of the employees were under the control of Edward B. Boyd, who was not an officer of any of the corporations but was hired by the railroads jointly and called an assistant to the vice president. The only business transacted in his office was the solicitation of freight and passenger business. Neither Boyd nor any of the employees under him had any power to make a contract for the defendant, to issue any bill of lading, sell any ticket, receive any money or make any freight or passenger contract. The Supreme Court of Illinois, in ruling that the defendant's motion to quash the return should have been sustained, said: "The defendant, being a foreign corporation, could only be served in this state if it was doing business here, and no one could be an agent of the defendant unless he had power to represent it in the transaction of some part of the business contemplated by its charter. There was no one in this state who had power to make any contract or bind the defendant in any way, and the mere solicitation of business by persons who have no other authority is not doing business within this state. * * * The de-

cisions of the courts are that mere solicitors of business are not agents, within the meaning of the statute. [250 Ill. 376, 95 N.E. 461.]"

■ It is the view of this Court that, on the basis of the evidentiary facts before it, the defendant is not "doing business" within the State of Illinois, and, therefore, it is not amenable to process in this State. An examination of these evidentiary facts readily discloses that Dorothea E. Glaudell has the authority only to solicit orders for the defendant's prefabricated homes, which are accepted at the home office in Toledo, Ohio. The merchandise is shipped from Ohio, where it is manufactured, directly to the purchaser, who in turn remits his payment directly to the home office at Toledo, Ohio. She has no authority to collect payments or to make any agreements or commitments for or on behalf of the defendant. The defendant corporation is not licensed to do business in the State of Illinois. It has never maintained any inventories or banking affiliations in this State. It has never maintained an office in this State; the acts of Dorothea E. Glaudell in this regard were committed without the authority, knowledge, or consent of the defendant corporation. In this respect, the defendant presents a much stronger case than the Booz case, wherein the foreign corporation, together with four other foreign railroad corporations, maintained three offices in the State of Illinois and paid the office expense and salaries of the employees. The evidentiary facts before this Court indicate that the defendant is a foreign corporation whose activities are limited solely to the solicitation of interstate business in the State of Illinois; consequently it is not amenable to process within this State.

■ The relationship of R. G. Hilts, the person upon whom the service of summons was had, to the defendant corporation should be noted. He was an employee solely of Dorothea E. Glaudell, from whom he received all compensation. He has never been employed by the defendant corporation and has never received any re-

numeration from it. It has been decided that the defendant corporation is not "doing business" within the State of Illinois. Service, therefore, upon Dorothea E. Glaudell would be ineffective; service upon her agent and employee is equally ineffective. Compare Union Pacific Railroad Co. v. Miller, 87 Ill. 45; Barnard v. The Springfield & N. E. Traction Co., 274 Ill. 148, 113 N.E. 89, L.R.A.1916F, 451.

 In support of its contention that the defendant is "doing business" within the State of Illinois, the plaintiff relies upon certain language found in the case of Shelton v. Schwartz, 7 Cir., 131 F.2d 805. That case can be readily distinguished from the case before the bar. In that action under the patent laws of the United States, a subject over which the Federal courts have exclusive jurisdiction, process was served pursuant to a special federal statute, designed for patent infringement actions, namely, 28 U.S.C.A. § 1694, which provides that "where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business." The plaintiff, in that suit, did not avail himself of Rule 4(d)(7) of the Federal Rules of Civil Procedure. This distinction is clearly and sharply drawn in the course of the opinion. The decision turned on the question as to whether or not the defendant had "a regular and established place of business," as required by the federal statute. The Court, there, had occasion to interpret this statutory language. In the case before the bar, however, service of summons was made pursuant to Section 17 of the Illinois Civil Practice Act, which can be applied to a foreign corporation only if it is "doing business" within the State. As set out in the initial stages of this memorandum, this question, in a diversity case, is controlled and determined by local law. The plaintiff cannot seek support in the more liberal and advantageous provisions of a special Federal Statute, designed only for a certain class of litigation.

Since the attempted service of process did not give jurisdiction over the defendant corporation and since it is not likely that service of process can be made upon it within this district, the Court has the power to dismiss the complaint for want of jurisdiction. Jones v. Motorola, Inc., 2 Cir., 186 F.2d 707.

Accordingly, the Court will enter an order quashing the service of summons had upon the defendant in this cause and dismissing the complaint for want of jurisdiction.