Reynolds v. Alton, Granite & St. Louis Trac. Co., 194 Ill. App. 87.

as a gift to the college, and accepted by the creditor as so much cash, is based upon a sufficient consideration.

2. APPEAL AND ERROR, § 1325*—*when presumptions in favor of findings.* The same presumptions follow the finding of the court that follow the verdict of a jury as to question of fact.

3. APPEAL AND ERROR, § 1325*—*when court presumed to have considered only competent evidence.* It will be presumed that a court in coming to a conclusion as to a finding of fact, considers only competent testimony.

4. WITNESSES, § 39*—*when wife incompetent.* A wife who acts as an agent of her husband in securing the renewal of a note is an incompetent witness in an action by the husband involving the note, where the husband is disqualified because of the fact that he is a party in interest.

---

## Joseph C. Reynolds, Appellee, v. Alton, Granite & St. Louis Traction Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action on the case by Joseph C. Reynolds against the Alton, Granite and St. Louis Traction Company for damages for personal injuries sustained while boarding a street car. From a judgment for plaintiff for $8,000, defendant appeals. This case was before the court on a former appeal, being reversed for error in instructions. See *Reynolds v. Alton, G. C. & St. L. Traction Co.,* 183 Ill. App. 538.

Plaintiff was thirty-eight years of age and had been a locomotive engineer for about twelve years, and he

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was earning at the time of the accident about $160 per month, and was at the time in excellent health. He lived in the village of Madison. April 3, 1912, he had been driving in the afternoon with his family, and after supper he started to Granite City. He walked down to Second street and Madison avenue, and when he came to Second and Madison streets the car came from the south and east, going north on Madison to Granite City. When the car came around on the straight track two ladies were waiting, and the car stopped and picked them up, and when they got on he took hold of the hand hold and stepped on the step, and, as he did so, the car started suddenly and he was thrown. In some manner he lost his balance and fell, and as he fell he felt a numbing sensation in his right foot. He was taken from the office of Dr. Hamm that night to the hospital where his foot was amputated. He remained in the hospital at Granite City at this time fourteen days after which he returned to his home and remained until June 3, 1912; from there he went to a specialist in St. Louis where he remained five or six weeks and submitted to a second operation, the last amputation being between the ankle and knee joint. He was out of employment about nine months.

In support of his contention he was to a certain extent corroborated by his age, his health, his family, and his employment. He was further corroborated by a Mrs. Kiser and a Mrs. Simons, who testified that he was at the office of the husband of the former at about the time he said he was injured, and that they saw him going up the street towards Dr. Hamm's office.

The defendant introduced the evidence of the conductor and motorman of this car to show that the car did not stop at the place in question, and that they did not take on passengers at that place, and did not see plaintiff; also the statements said to have been made by plaintiff to Dr. Scott that he was hurt while trying to get aboard a moving car. Evidence was introduced

showing that Superintendent Johnson of defendant's line inquired of the conductor and motorman of the 8:15 car whether they stopped at Second and Madison streets. He made this inquiry that night, having heard there was an accident at that place. Dr. Scott, who testified for defendant, and who, with Dr. Hamm, first waited on plaintiff and assisted in performing the first operation, said that plaintiff for some reason insisted on having an amputation above the ankle joint, and insisted upon a second amputation, offering $500 for it; that the second operation was not necessary. Dr. Scott was the surgeon at the time for defendant company and the Terminal Hospital Association, with other corporations. Drs. Hayward and Hale testified a second amputation was necessary.

The court gave the following instructions: "If from a preponderance of the evidence in the case and under the instructions of the court, the jury shall find the issues for the plaintiff and that the plaintiff has sustained damages, as charged in the declaration, then to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in evidence."

"Common carriers of persons are required to do all that human care, vigilance and foresight can reasonably do, consistently with the character and mode of conveyance and the practical prosecution of the business, to prevent accidents to passengers while riding upon their cars or getting on the same."

"If, from a preponderance of the evidence and under the instructions of the court, you find the issues for the plaintiff and that he has sustained damages, as charged in the declaration, then in estimating and assessing such damages, the jury should take into consideration the personal injury sustained by the plaintiff, if any is proven by the evidence; the pain and suffering under-

90 APPELLATE COURTS OF ILLINOIS.

Reynolds v. Alton, Granite & St. Louis Trac. Co., 194 Ill. App. 87.

gone by him, if any is proven by the evidence, and all damages, past, present and future, if any are proven by the evidence, in so far as said matters of personal injury, pain and suffering, damages or permanent injury, if any are shown by a preponderance of the evidence and under the instructions of the court, to be the direct and proximate result of the alleged accident to plaintiff and are alleged in the declaration.''

''It is the duty of common carriers of persons, by and through their motormen and conductors, to stop their cars for a reasonable length of time to permit persons who are about to take passage on their cars to get aboard their cars in safety, and if you believe from the evidence in this case that the plaintiff, Joseph C. Reynolds, was at a regular stopping place of said defendant, at Second and Madison streets, in the village of Madison, on the evening of April 3, 1912, and was then and there about to get on said car for the purpose of becoming a passenger, and if you further find from the evidence that said car was stopped and by and through the negligence of the motorman and conductor then operating the same was not stopped a reasonable length of time to permit the plaintiff to safely get aboard said car while in the exercise of due care and diligence, and if you further find from the evidence that the car was negligently started without giving the plaintiff a reasonable length of time to get aboard said car at said time and place, and if you further find from the prepondenrance of the evidence that the plaintiff was then and there injured at Second and Madison streets by and through the negligence of the defendant as charged in his declaration, then the court instructs the jury you should find the defendant guilty.''

WILLIAMSON, BURROUGHS & RYDER, for appellant.

C. H. BURTON, for appellee.

Reynolds v. Alton, Granite & St. Louis Trac. Co., 194 Ill. App. 87.

Mr. Justice Harris delivered the opinion of the court.

## Abstract of the Decision.

1. Damages, § 209*—*when instructions correct.* In an action for damages for personal injuries an instruction that it is not necessary, in order to enable the jury to estimate the amount of damages that any witness should have expressed an opinion as to the amount thereof, but that the jury may themselves make such estimate from the facts and circumstances in evidence, *held* correct.

2. Carriers, § 486*—*when instruction on duty to boarding or alighting passengers correct.* An instruction in an action by a passenger against a street car company for damages for personal injuries, as to the duty of a common carrier to protect passengers getting on or off cars, approved.

3. Damages, § 78*—*when proper to show amount of accident insurance carried in action for personal injuries.* Evidence as to the amount of insurance against accident carried by a person is competent in mitigation of damages going to the extent of the injury, in action against a street railway company for damages for personal injuries.

4. Damages, § 80*—*when proper to show that operation was unnecessary.* In an action to recover damages for personal injuries, evidence that a second operation to which plaintiff submitted was unnecessary, is proper.

5. Appeal and Error, § 1489*—*when exclusion of evidence harmless.* The refusal to admit evidence as to the amount of insurance carried by a person in an action by such person for personal injuries is not prejudicial error where a witness for the objecting party has already testified as to what the other witness had to say about insurance.

6. Damages, § 200*—*when instruction on elements to be considered, proper.* An instruction in action by a passenger against a street car company for damages for personal injuries sustained while attempting to board a car, as to elements to be considered in computing damages, approved.

7. Carriers, § 486*—*when instruction on duty to stop to take on passengers, correct.* An instruction in an action against a street car company for personal injuries as to the duty of common carriers to stop their cars to allow prospective passengers to get aboard, approved.

8. Damages, § 125*—*when verdict not excessive.* A verdict for $8,000 *held* not excessive in an action against a street railway com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pany for damages for injuries sustained, necessitating the amputation of the leg of plaintiff between the ankle bone and knee bone, plaintiff being a man thirty-eight years of age with twelve years' experience as a locomotive engineer, earning $160 per month, and in excellent health at the time of the injury.

9. CARRIERS, § 366*—*when evidence sustains finding as to injury while boarding car.* In an action against a street railway company for damages for injuries sustained while attempting to board defendant's street car, evidence *held* sufficient to sustain a finding that plaintiff was injured while attempting to become a passenger on such car and that he did not board a moving car or attempt to commit suicide by throwing himself under a car of another line at another place.