## Joseph C. Reynolds. C. H. Burton, Petitioner, Appellant, v. Alton, Granite & St. Louis Traction Company, Appellee.

ATTORNEY AND CLIENT, § 149a*—*what is not sufficient service of notice of attorney's lien.* The service of a notice for an attorney's lien upon the attorneys for defendant is not in compliance with the requirements of the statute (Hurd's Rev. St. ch. 82, sec. 55, J. & A. ¶ 611), providing that attorneys claiming a lien upon claims, demands and causes of action placed in their hands for suit or collection by their clients shall "serve notice in writing upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien," etc.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 16, 1918.

D. H. MUDGE, for appellant C. H. Burton.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Burroughs & Ryder, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Madison county, Illinois, dismissing the petition of appellant, C. H. Burton, to enforce against appellee an attorney's lien, on May 11, 1912.

Appellant, as attorney for Joseph C. Reynolds, filed suit against appellee to recover damages for injuries sustained by Reynolds while attempting to board one of its cars in the Village of Madison. The firm of Burroughs & Ryder, afterwards Williamson, Burroughs & Ryder, represented appellee in the suit, and on May 29, 1912, filed a plea of not guilty in the case. Appellant had a written contract with Reynolds by which he was to receive 25 per cent. of whatever sum or sums should be obtained by compromise or suit in the Circuit Court, 5 per cent. additional in the Appellate Court, and 5 per cent. more in the Supreme Court. On May 18, 1912, appellant gave notice of his employment and claim of lien by giving the same to Burroughs & Ryder, who acknowledged receipt of same as attorneys for appellee. Trial was had at the January term, 1913, and judgment rendered in favor of Reynolds for $6,000. March 8, 1913, an assignment to appellant of 35 per cent. of this judgment was filed in the office of the clerk of the Circuit Court of Madison county. On appeal to this court that judgment was reversed and the cause remanded. [183 Ill. App. 538.] On the second trial of the case a judgment was rendered June 17, 1914, against appellee for $8,000, which was affirmed by this court [194 Ill. App. 87] but was afterwards reversed by the Supreme Court and the cause remanded. [273 Ill. 207.]

It appears that following the second judgment another assignment of 35 per cent. of the judgment by Reynolds to appellee was filed in the office of the cir-

cuit clerk and that the firm of Williamson, Burroughs & Ryder, as attorneys for appellee, acknowledged receipt of the notice of assignment. While a petition for rehearing was pending in the Supreme Court the case was settled, on May 4, 1916, for $2,000 through one C. H. Bartels, claim agent for appellee, without the knowledge or consent of the appellant. Upon learning of this settlement appellant made demand on the Traction Company for 35 per cent. of the $2,000, which the company refused to pay, and appellant filed this petition to enforce his attorney's lien for $700. After hearing the evidence the court dismissed the petition and entered judgment against appellant for costs. The record shows that appellant served notice of his employment and claim for lien upon attorneys for appellee, and the sole question for us to consider upon this record is whether such service complies with the requirements of the Attorney's Lien Act. The statute under which this cause arises, after providing that attorneys shall have a lien upon all claims, demands and causes of action placed in their hands for suit or collection by their clients, contains the following: "Provided, however, such attorneys shall serve notice in writing upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien," etc. Hurd's Rev. St. ch. 82, sec. 55 (J. & A. ¶ 611).

In the case of *Haj v. American Bottle Co.*, 261 Ill. 362, which was a proceeding to enforce an attorney's lien, it was proved that notice was given to the party against whom judgment had been obtained by mail. The Supreme Court, in reversing the judgment of the trial court allowing the petition, said: "The statute creating the attorney's lien creates a liability unknown before the passage of the act, and where that is the case the statute must be strictly followed. It requires notice, differing in that respect from the statute in New York and perhaps other States, and

as it specifies no other method of service, personal service, under all the authorities, is required. The appellee not having complied with the statute creating the lien is not entitled to one.''

This court in *Jackson v. Toledo, St. L. & W. R. Co.,* 186 Ill. App. 531, following *Haj v. American Bottle Co., supra,* held that there must be personal service of the notice of lien, and that such personal service should follow the law as to the service of process where the party to be served is a corporation, that therefore service of the notice of lien upon the attorney for the party against whom the lien is sought to be enforced is not a compliance with the statute. It follows from these decisions that the notice in this case was not in compliance with the requirements of the statute and therefore the lien cannot be maintained. The judgment will be affirmed.

*Affirmed.*