Leon Cazalet et al., Plaintiffs, v. Kenneth Cazalet
et al., Defendants.
In re Intervening Petition of W. H. Hickman,
Appellant.

Gen. No. 9,421.

Heard in this court at the
October term, 1943. Opinion filed February 29, 1944. Re-
hearing denied April 22, 1944.

W. H. Hickman, *pro se,* and Hogan & Coale, of Tay-
lorville, for appellant.

Hershey & Bliss, of Taylorville, for appellees.

Mr. Justice Riess delivered the opinion of the court.
Appellant, W. H. Hickman, a practicing attorney-
at-law, filed an intervening petition in a certain parti-
tion proceeding pending in the circuit court of Chris-
tian county for the purpose of enforcing an alleged
attorney's lien under the provisions of sec. 14, ch. 13,

Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 9.13] against the interest of one of the plaintiffs, Leon Cazalet, in and to the real estate involved in said proceeding. The claim for lien was predicated upon a certain written contract previously signed by one Mable K. Spaulding, wherein the petitioner Hickman was engaged to represent her upon a contingent fee basis as counsel of record in the prosecution of a certain action at law in tort for personal injuries against said Leon Cazalet, then a minor, in the circuit court of Macon county, Illinois, resulting in recovery of a judgment on December 13, 1938 for $22,500 and costs of suit in favor of plaintiff and against said minor defendant. Certified copies of this judgment were filed in the offices of the circuit clerks of Christian and Shelby counties and executions thereon were then issued and later returned nulla bona in each county. Subsequently, on July 15, 1942, Clyde Cazalet, father of appellee, departed this life and appellee Leon J. Cazalet became the owner of an undivided one-fifth interest in and to the real estate later involved in the above partition proceeding, wherein the intervening petition of appellant Hickman was filed.

Defendant filed a verified answer denying that such lien had been established or was in force and denying that legal notice and claim for lien required by the above statute had been given to, and served upon, or received by the defendant. Hearing was had by the court upon said intervening petition and at the close of the intervenor's evidence, upon motion of the appellee, the petition was dismissed. From that order of dismissal, the pending appeal was taken by the petitioner to this court.

Appellant has assigned error on the part of the trial court (a) in entering said order of dismissal of his intervening petition, and (b) in not granting the relief prayed for in the petition.

The applicable provisions of the above statute concerning attorney's liens as enacted in 1909 and

amended in 1927, provide: "That attorneys at law shall have a lien upon all claims, demands and causes of action, . . . for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for reasonable fee, for the services of such attorneys rendered or to be rendered for their clients. . . . Provided, however, such attorneys shall serve notice in writing, which service may be made by registered mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien, and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, . . . from and after the time of service of the aforesaid notice." The application of the above section has been construed by the courts of review of this State in a number of cases involving varying facts and conditions.

It has been uniformly held that such lien did not exist at common law but is purely a creature of the statute which must be strictly followed in order to establish the lien and right of action against the defendant for the enforcement thereof. *Mayer v. Yellow Cab Co.*, 247 Ill. App. 42; *Haj v. American Bottle Co.*, 261 Ill. 362, 103 N. E. 1000; *Dreyfuss v. Freud*, 209 Ill. App. 345; *Lust v. Atchison, T. & S. F. Ry. Co.*, 267 Ill. App. 60.

It has been further held and is not disputed herein that such lien attaches from and after the time of legal service of said notice provided for and required by the provisions of the above statute. Section 14, *supra;* *Filipiak v. Zintak*, 264 Ill. App. 392; *Hall v. Metropolitan Life Ins. Co.*, 298 Ill. App. 83, 18 N. E. (2d) 383.

The notice of such claim for lien under the provisions of the above statute, to become effective, must

be a personal notice upon the defendant or defendants, or, since the amendment of 1927 to said act, such service of notice "may be made by registered mail," upon the party against whom their clients may have such suits, claims or causes of action. Section 14 of said statute, *supra; Haj v. American Bottle Co., supra; Hall v. Metropolitan Life Ins. Co., supra.* Either method of service is therefore valid and sufficient under the present provisions of the attorney's lien statute. It remains for us to determine from the record what notice and claim for lien, if any, was actually given to the defendant by the intervening petitioner and whether or not such notice complied with applicable statutory requirements.

Appellant contends that notice to an attorney of record is notice to his client; that the knowledge of the attorney is knowledge of his client and cites in support thereof certain cases involving notices given wherein such causes were *lis pendens.* However, none of the cases so cited involve the question of an attorney's lien or a construction of the provisions of the statute in relation thereto. On the contrary, it has been specifically held in the construction of said attorney's lien act, *supra,* that notice to the attorney is not sufficient nor binding upon the defendant, but proof of actual notice to the defendant is necessary. *Reynolds v. Alton, G. & St. L. Traction Co.,* 211 Ill. App. 158; *Molthrop v. New York, C. & St. L. R. Co.,* 245 Ill. App. 8; *Mayer v. Yellow Cab Co.,* 247 Ill. App. 42; *Jackson v. Toledo, St. L. & W. R. Co.,* 186 Ill. App. 531.

It seems that almost every conceivable manner of service was attempted by the petitioner except one of the two methods expressly required by the statute, namely: either service upon the defendant in writing or by registered letter to the defendant. The latter method was once attempted by the petitioner in a registered letter mailed to defendant at Assumption, Illinois, on July 12, 1938 but never delivered to the de-

fendant and the letter and unsigned receipt card were returned to the sender unopened, hence was not received by nor served upon the defendant in a manner that met the requirements of the statute. (Abst. 18) It was stated and conceded by the intervenor while testifying in his own behalf at the hearing upon his petition as to said letter that "The registered letter was mailed July 12th. There was no other registered letter sent to Leon Cazalet or anyone else except one sent to Assumption." As to the remaining letters which were offered as exhibits by the petitioner and objected to by the defendant, all had been mailed to the defendant at Assumption, Illinois, or care of the Federal Land Bank at St. Louis, Missouri by the petitioner or the original plaintiff by general delivery and unregistered. None of them are shown to have been actually received by or delivered to the defendant although it was testified that some of them were not returned to the sender whose return address appeared on the envelope. The letter mailed in care of the Federal Land Bank in St. Louis was sent general delivery by first-class mail but was not registered. Petitioner testified further that so far as he knew, "Mr. Cazalet was not at the trial; that he wasn't at the counsel table." That he was represented by Attorney Wilson, appointed as guardian *ad litem* by the court.

Copies of the notice concerning the above contract of employment were also filed with the circuit clerks of the three counties in which the original or transcript of judgment were filed, but this proceeding constituted no legal notice to the defendant which met the requirements of the statute, nor was it shown that actual notice thereof was brought to the attention of said defendant. The personal delivery of a copy of said contract to Attorney Wilson who had been appointed by the court and who represented the defendant as guardian *ad litem* at the trial of said cause, did not constitute personal service upon the absent defendant nor

meet the statutory requirements any more than the service of such notice would have been sufficient if served upon any other attorney of record for a defendant. (Citations, *supra*.) It also appears that one unregistered letter was mailed to Clyde Cazalet at Assumption, Illinois, who was the father of the defendant, a minor at the time of the suit. This did not meet the requirements of the statute. We have carefully searched and read the original record of the testimony in this case to ascertain whether personal service or knowledge of such agreement was at any time made upon or shown to have been received by the defendant, as would be necessary to constitute a prima facie case, but find the record barren of such proof. Since the above statutory requirements must be strictly complied with in order to establish the statutory lien in question, proper notice of the contract and of the claim for lien must be shown to have been given to the defendant by the claimant.

It is further pointed out by counsel for defendant that attempted notices given by the claimant are defective in that they contain no reference whatever to any claim for lien but recite only the fact that a contract was entered into in substance as set forth in said purported notice, whereas the statute cited, *supra,* provides "such attorney shall serve notice in writing, . . . claiming such lien, and stating therein the interest they have in such suits." The attorney's lien act provides that the attorney shall have a lien "For the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for reasonable fee, for the services such attorney rendered or to be rendered." While the amount of attorney's fee appears to have been agreed upon, the purported notice was at substantial variance with the contract as to the provisions of the latter in that the contract itself provided for a 40 per cent contingent fee and in the event

of an appeal from the judgment of the circuit court for a 50 per cent contingent fee. Some of the letters or notices referring to the contract speak of a contract for an approximate 35 per cent attorney's fee, while other letters speak of a one-third contingent fee. None of the letters signed by claimant Hickman made any reference whatever to a lien or a claim for lien or to the statute in relation thereto. Only a notice signed by Mrs. Spaulding but not by claimant in an unregistered letter made any reference to a lien. The judgment appears to have been released of record by Mrs. Spaulding on August 5, 1942. Claimant testified (rec. p. 133, abst. 18 and 19) that there was no other registered letter than that of July 12 (Ex. 2) which was returned unopened and the card to be signed as a return card was also returned with the letter and (rec. p. 134) claimant further says he doesn't know if any of the letters were received by the defendant, that he never saw him; as far as he knew he was not present at the trial, that the sheriff told him he had been in jail.

The purported notice contains neither a notice of the amount of fee contracted for, which is one of the express provisions of the statute, nor of any claim for lien, as provided in and required by said section. Defendant's verified answer denied receipt of any of the alleged notices. However, we need not pass directly upon the question of the sufficiency of the form and contents of the purported notice or the question of material variance between the alleged notice and contract offered; since, from a careful examination and scrutiny of the entire record, including the oral testimony of the claimant and all of the exhibits, we are unable to find that prima facie proof of legal or actual notice to the defendant appears in the record; either in compliance with the terms of section 14 of chapter 13 concerning claim for attorney's lien or of the provisions of the Civil Practice Act in any of its appli-

cable provisions in relation to service of a notice or claim for lien.

We are obliged to hold under the facts and circumstances, after a careful consideration of the evidence and proofs given and offered by the intervenor, that prima facie proof of statutory service has not been shown and that therefore, the trial court did not err in holding that the statutory lien had not been proven and in allowing defendant's motion and dismissing the petition. The order of the circuit court of Christian county herein appealed from will therefore be affirmed.

*Affirmed.*