William H. DeParcq et al., Appellees, v. Henry A. Gardner, Trustee of Alton Railroad Company, Appellant.

## Gen. No. 44,450.

Opinion filed December 15, 1948. Released for publication January 5, 1949.

WINSTON, STRAWN & SHAW, of Chicago, for appellant; GEORGE B. CHRISTENSEN, DOUGLAS C. MOIR and EDWARD J. WENDROW, all of Chicago, of counsel.

WILLIAM H. DEPARCQ, ROBERT MARTINEAU and SHALE H. COHEN, *pro se.*

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from a judgment in the sum of $10,000 entered in favor of the plaintiffs upon a finding of the court in an action to enforce an attorney's lien. On April 21, 1946, Michael Tropiano, a switchman employed for many years by the Alton Railroad Company, was severely injured necessitating the amputation of both limbs below the knees. February 20, 1947 plaintiff DeParcq entered into a written contract with Tropiano which reads as follows:

"I hereby retain and employ William H. DeParcq as Attorney at Law to recover damages for personal injuries sustained by me on or about Apr. 21, 1946, at or near Joliet, Illinois, through the negligence of Alton Railroad Company, and I agree to pay him for said services 33–⅓% of the amount finally recovered by way of suit or settlement, but no settlement of said claim shall be made without first securing my written consent thereto. No expenses to be charged to client.

Claimant Mike Tropiano (Signed)
I hereby accept the above retainer.
Wm. H. DeParcq (Signed)"

February 20, 1947, a notice of attorney's lien based on the foregoing contract was addressed to and sent by registered mail to the Alton Railroad Company at 340 West Harrison street, Chicago, Illinois. This notice was signed by all of the plaintiffs as attorneys for claimant Tropiano.

In due course, one Serpico, a clerk whose duty it was to sign for registered mail at the offices of the

railroad company at 340 West Harrison street in Chicago, received plaintiffs' notice of attorney's lien and receipted for it on behalf of "Alton Railroad." February 21, 1947, Fred L. Johnson, assistant general claim agent of the railroad company, came into possession of the notice of attorney's lien. Shortly thereafter, on February 27, 1947, Tropiano wrote a letter addressed to plaintiff DeParcq, which reads as follows: "We are discharge you. as a Attorney. From this day Feb. 26, 1947. Again the Alton Railroad. Your truly Mike Tropiano."

Subsequently, one Hochstadter representing Tropiano called on Johnson and told him that Tropiano had discharged his lawyer and wanted to settle his claim. Negotiations followed which resulted in paying Tropiano $30,000 and Hochstadter $2,500. Final settlement with Tropiano was made March 14, 1947.

Defendant was appointed trustee of the properties of Alton Railroad under section 77 of the Bankruptcy Act (11 USCA § 205) by the United States District Court for the Northern District of Illinois, Eastern Division, on February 27, 1943, and continued to act as trustee until the properties of the Alton Railroad Company were taken over by deed by the Gulf, Mobile and Ohio Railroad Company on March 31, 1947. During the entire period that defendant acted as trustee of the railroad he maintained but one office, which was located in room 1430 of the First National Bank Building in Chicago, Illinois. The Alton Railroad Company was dissolved in the latter part of 1946. This was before the making of the contract for fees.

Defendant's principal contention is that the employment contract between DeParcq and Tropiano concerning his claim against the "Alton Railroad Company" and service of notice of attorney's lien by registered mail directed to "The Alton Railroad Company" at "340 West Harrison Street, Chicago," did not confer an attorney's lien against Henry A. Gard-

ner, as trustee of the railroads and properties of the Alton Railroad Company.

Plaintiffs say that no court has ever held that every technical error or misnomer irrespective of the meaning or prejudice or effect will vitiate the notice and that the tortfeasor must be identified with mathematical exactitude or served in any particular office.

██ The statute creating the attorney's lien was unknown to the common law and therefore must be strictly followed. (*Haj v. American Bottle Co.,* 261 Ill. 362; *Cazalet v. Cazalet,* 322 Ill. App. 105.) With respect to the service of notice of attorney's lien the statute (Ill. Rev. Stat. 1947, ch. 13, par. 14 [Jones Ill. Stats. Ann. 9.13]) provides that "service may be made by registered mail, *upon the party* against whom their clients may have such suits, claims or causes of action . . . ."

In *Fitzpatrick v. Pitcairn,* 371 Ill. 203, plaintiff brought suit to recover damages on account of the wrongful death of plaintiff's husband and two minor children, against "Wabash Railway Company, a Corporation." At the time of the accident, possession, control and operation of the railway company was in the hands of receivers. After the expiration of the statutory period of limitation of one year for commencing suit plaintiff added the receivers as parties defendant and served them with process. Thereafter plaintiff by amendments to the complaint, the summons and return attempted to substitute the names of the receivers for that of the railway company. The complaint as to the receivers was dismissed on the ground that they were not made parties until more than one year after the accidental deaths. The court held that there was no misnomer but a case of mistaken identity of the party liable. And so in the instant case the employment contract and the notice of lien both referred to Tropiano's claim against the Alton Railroad Company. No mention is made, in either docu-

ment, of defendant. Defendant Gardner and the Alton Railroad Company were distinct legal entities.

Service of the notice of attorney's lien in the present case is not, as plaintiffs contend, a technical error or misnomer, but a case of mistaken identify of the party liable. Manifestly the defendant was not the party intended to be served by the notice of attorney's lien. Moreover, so far as the record shows the notice of attorney's lien never came into the hands of the defendant Gardner, nor did he have any knowledge of it prior to the settlement of Tropiano's claim for injuries.

Inasmuch as the Attorney's Lien Act is in derogation of the common law and strict compliance is necessary we are impelled to hold that service of the notice of lien upon the Alton Railroad Company did not meet the requirements of the statute and was, therefore, ineffective.

We have not discussed the other issues presented or suggested in the briefs or arguments, since a discussion of these issues has not been necessary to the disposition of this cause.

For the reasons given, the judgment is reversed.

*Reversed.*

BURKE, P. J., and KILEY, J., concur.