M. F. Unger, Plaintiff and Appellant, v. Checker Taxi Company, a Corporation, Defendant and Appellee.

Gen. No. 48,273.

First District, First Division.

April 24, 1961.

Foss, Schuman & Drake, of Chicago (Morris K. Levinson and Edward G. Levinson, of counsel) for appellant.

Jesmer and Harris, of Chicago (Harvey Shapiro, of counsel) for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is a suit to enforce a lien under the Attorney's Lien Act. A motion to dismiss the plaintiff's second amended complaint was sustained and plaintiff appeals from a judgment entered in favor of defendant.

Plaintiff's second amended complaint alleged that James A. Brennan entered into a contract with plaintiff on August 7, 1958, retaining him to prosecute a cause of action against defendant for personal injuries in return for one-third of any amount recovered. Plaintiff notified defendant of the terms of this contract by ordinary mail, claiming an attorney's lien, and thereafter filed suit against defendant and one Melvin Harris. After service of summons upon defendant an appearance and answer was filed by its attorneys; thereafter, notices as to motions, depositions and interrogatories and objections thereto, were respectively

served between the attorneys. Plaintiff further alleged that defendant entered into a stipulation with Brennan and dismissed the suit without contacting plaintiff, and that defendant paid plaintiff's client $4750.00 and subsequently refused to pay plaintiff one-third of that sum, $1583.33, due him in accordance with his contract.

Plaintiff's exhibit "A", attached to the complaint, is a copy of a personal injury contract dated August 7, 1958, addressed to plaintiff and specifying a fee of one-third of recovery by way of settlement or otherwise and signed by James A. Brennan, Sr., by James A. Brennan, Jr. Plaintiff's exhibit "B(1)" is a copy of a letter from plaintiff addressed to defendant notifying it of the date and place of Brennan's personal injury and that Brennan had agreed to pay him a fee of one-third of any amount recovered by suit, settlement, or otherwise. Plaintiff's exhibit "B(2)" is a copy of a letter dated August 11, 1958, from plaintiff to defendant, giving the date of accident and notifying defendant that plaintiff had been retained by Brennan and enclosing a notice for attorney's lien.

Defendant moved to dismiss plaintiff's complaint and first amendment thereto on the grounds that the provisions of Chapter 13, Section 14, of the Illinois Revised Statutes were not complied with. In each instance plaintiff was given leave to amend his complaint. Upon the filing of the second amended complaint plaintiff attached the exhibits aforementioned. Defendant moved for dismissal of the suit, again alleging the failure of the plaintiff to plead compliance with the attorney's lien act. The trial judge, after a hearing on the motion, dismissed the complaint and entered judgment for defendant's costs.

The pertinent parts of Ill. Rev. Stat., Ch. 13 § 14 (1959), to be considered on the question of proper service of attorney's lien, are as follows:

"Attorneys at law shall have a lien . . . for the amount of any fee which may have been agreed upon

240

by and between such attorneys and their clients. . . .
To enforce such lien, such attorneys shall serve notice
in writing, which service may be made by registered
or certified mail, upon the party against whom their
client may have such suits, claims or causes of action.
. . ."

 The legislative purpose of the attorney's lien
act is to assist attorneys in the collection of their at-
torney's fees. Brazil v. City of Chicago, 315 Ill. App.
436, 43 N.E.2d 212. This statute was unknown to the
common law and must be strictly followed. De Parcq
v. Gardner, 336 Ill. App. 144, 83 N.E.2d 32. It has been
said that no rule of law is better settled than that liens
can be created only by agreement or by some fixed
rule of law, but not by the courts. Deitchman v.
Korach, 330 Ill. App. 365, 71 N.E.2d 367. A lienor who
seeks to enforce a statutory lien must comply with any
statutory requirement with respect to enforcement of
such a lien. Cazalet v. Cazalet, 322 Ill. App. 105, 54
N.E.2d 61.

 Plaintiff contends that the motion to dismiss
admitted the allegation that defendant had actual
notice of plaintiff's attorney's lien at the time defend-
ant settled the case and that such notice is sufficient
to enforce an attorney's lien under the statute. We
think that the motion to dismiss does not admit the
validity of the notice of lien. The motion admits facts
well pleaded but does not admit conclusions of law.
Triangle Sign Co. v. Randolph & State Property, Inc.,
16 Ill.App.2d 21, 147 N.E.2d 451.

██ Plaintiff next contends that a valid attorney's
lien exists where the defendant admits or has actual
knowledge of the lien, despite the technical require-
ments of the lien law. In support of this theory he
cites Bloom v. Richardson, 308 Ill. App. 320, 31 N.E.2d
368. Unlike the present case, however, the defendant
there acknowledged receipt of the notice by return
mail and also informed plaintiff's client of receipt of

the notice when settlement was made and required her to post bond to indemnify defendant for any recovery from it on the lien. We think the legislators had in mind situations such as occurred in the case before us when they passed Section 14. The holding in Cazalet v. Cazalet, 322 Ill. App. 105, 54 N.E.2d 61, is applicable here. The court there said, in answer to petitioner's claim that notice to defendant's attorney was effective notice to defendant, that "it has been specifically held in the construction of said attorney's lien act . . . that notice to the attorney is not sufficient nor binding upon the defendant, but proof of actual notice to the defendant is necessary." In dismissing the intervening petition to enforce the attorney's lien the court went on to say, "It seems to us that almost every conceivable manner of service was attempted by the petitioner except one of the two methods expressly required by the statute, namely: either service upon the defendant in writing or by registered letter to the defendant."

In Cazalet, as in our case, there was no acknowledgment of the receipt of any notice of any attorney's lien by defendant. We hold that the facts in the instant case do not show compliance with the notice provisions of the lien act and the judgment of the Circuit Court is therefore affirmed. In view of our finding we need not discuss the validity of the contract signed by Brennan's son.

Affirmed.

KILEY, P. J. and MURPHY, J., concur.