ADRIAN BUGARIU, Plaintiff-Appellee, *v.* ROBERT D. CONLEY, Defendant-Appellant.

First District (1st Division)    No. 80-2

Opinion filed February 17, 1981.—Rehearing denied March 23, 1981.

William S. Wigoda and Robert M. Wigoda, both of Wigoda & Wigoda, of Chicago, for appellant.

Charles R. Stone, of Thorton, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff filed a complaint against defendant alleging that defendant struck plaintiff and that as a result plaintiff sustained serious physical injuries for which he sought compensatory and punitive damages. At the close of all the evidence, defendant made a motion for a directed verdict, arguing that plaintiff had failed to prove a causal connection between defendant's act and plaintiff's injury. The motion was denied and the jury returned a verdict for plaintiff in the amount of $8,000. Defendant appeals from the trial court's denial of his motion for a directed verdict.

We reverse.

On appeal, defendant argues that the trial court erred in denying his motion for a directed verdict at the close of all of the evidence.

On April 10, 1976, plaintiff Adrian Bugariu and defendant Robert Conley were engaged in vigorous electioneering at a polling place in Lansing, Illinois, where school board elections were taking place. Plaintiff claims that at 6 p.m. defendant approached plaintiff and with his right fist punched plaintiff in the left side of the stomach. Defendant unequivocally denies that he punched plaintiff.

Plaintiff testified that he instantly experienced a surge of pain in the stomach where he had been hit. Immediately, he called the police and reported the incident. Fifteen minutes after the police arrived, defendant told his friend Jerry Scherer, who had not been present at the scene of the alleged battery, that he had been hit.

One week after the incident, plaintiff visited a doctor in Hammond, Indiana. Plaintiff endured 3 days of testing on an out-patient basis to discover the cause of his abdominal pain. Twenty-three months later, plaintiff again sought medical attention. He complained of bulging in his stomach where he had been punched. In March 1978, plaintiff was hospitalized for 8 days. Exploratory surgery was performed and a direct inguinal hernia was found. The surgery relieved the lower abdominal pain which plaintiff claimed persisted continuously between the time of the punch and the surgery.

Throughout 1978, plaintiff claims he experienced upper abdominal pain. In late 1978, plaintiff again was hospitalized. Numerous tests were performed for the purpose of determining the cause of the pain. The record contains no evidence of the results of these tests.

In April 1979, plaintiff once again entered the hospital where he was treated by Dr. Peter Economu. Extensive tests were conducted. The record is devoid of any specific diagnoses or conclusions drawn from these tests.

Dr. Economu was the only expert witness to testify. He testified that after he had seen plaintiff twice and had run extensive tests, he received a telephone call from plaintiff's attorney, who informed him that plaintiff

had been punched in the stomach approximately three years previously. Plaintiff's attorney asked Dr. Economu whether he could state the cause of plaintiff's injuries with a reasonable degree of medical certainty. Economu responded that "it is conceivable" that the blow caused plaintiff's injuries.

Two defense witnesses testified that they were present at the polling place where the battery allegedly took place. Both witnesses, one of whom stood only two to three feet away from and had an unobstructed view of the confrontation between plaintiff and defendant, claimed that the defendant did not hit plaintiff.

At the close of all the evidence, defendant moved for a directed verdict, arguing that plaintiff had failed to establish a causal connection between defendant's act and plaintiff's injury. The motion was denied. The jury found for plaintiff and rendered an award of $8,000 in his favor.

■■ An essential element of a plaintiff's cause of action for any tort is that there be some reasonable connection between the act of the defendant and the damage which the plaintiff has suffered. (Prosser, Law of Torts 218 (3d ed. 1964).) The burden is on the plaintiff to prove by a preponderance of evidence not only that the injuries exist, but also that they were the result of the occurrence of which he complains. (*Hannigan v. Elgin, Joliet & Eastern Ry. Co.* (1949), 337 Ill. App. 538, 551, 86 N.E.2d 388.) The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. Prosser, Law of Torts 245 (3d ed. 1964).

■■ The ultimate responsibility of determining whether defendant's conduct was the cause of plaintiff's harm is vested with the trier of fact. If the issue of causation, however, calls for pure speculation or conjecture, the issue should not be submitted to the jury and it is the duty of the trial court to direct a verdict for the defendant.

Having carefully reviewed the record in the instant case, we believe that the evidence introduced by plaintiff on the issue of causation is so tenuous that the issue should not have been submitted to the jury. The only items of evidence proffered by plaintiff to establish the element of causation were his own testimony, numerous unexplained medical bills, and Dr. Economu's testimony.

With respect to plaintiff's own testimony, it should be noted that it is in sharp conflict with the testimony of defendant and two defense eyewitnesses. Either plaintiff or defendant and his two eyewitnesses knowingly and willingly testified falsely. While the matter of credibility of witnesses is within the province of a jury, we do believe it is significant to mention that there was a question as to whether defendant did in fact punch plaintiff.

We also find it necessary to comment briefly on the evidentiary value

of the medical bills submitted by plaintiff. The bills demonstrated that plaintiff made approximately 20 visits to six different doctors in the 3 years between the date of the alleged battery and the time he saw Dr. Economu. These bills, however, were unaccompanied by diagnoses or comments by any of the doctors except Economu. They simply indicate that plaintiff visited an impressive number of doctors and had numerous tests run. Therefore, the bills are of little, if any, significance in establishing a causal connection.

Plaintiff relies heavily on Dr. Economu's testimony to support his contention that the causal connection was adequately established. Plaintiff correctly points out that medical testimony is not necessary to prove a causal connection where the connection is clearly apparent from the illness and the circumstances attending it. (*Jackson v. Navik* (1976), 37 Ill. App. 3d 88, 95, 346 N.E.2d 116, *Haberer v. Moorman Mfg. Co.* (1950), 341 Ill. App. 521, 525-26, 94 N.E.2d 611.) The causal connection in the instant case is not as apparent as defendant suggests and Economu's testimony is of little aid in determining the existence of such a connection.

When asked whether plaintiff's injuries could have been caused by defendant's act, Economu responded "[i]t's conceivable." He was unable to say with any degree of certainty that there was in fact a causal connection between the defendant's act and plaintiff's resulting injury.

■■ It is necessary to highlight two additional facts in the record which raise further doubt as to the significance of Economu's testimony. First, Economu was the sixth doctor plaintiff visited in 3 years and the only doctor called to testify. Second, Economu did not know that plaintiff had sustained a punch until plaintiff's attorney notified him of that fact.

We recognize that verdicts ought to be directed only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504; *Hicks v. Donoho* (1979), 79 Ill. App. 3d 541, 544, 399 N.E.2d 138.) We believe that this is such a case.

It is our opinion that plaintiff clearly failed to establish a causal connection between defendant's act and plaintiff's injury. Therefore, the trial court should have directed a verdict for the defendant at the close of all the evidence.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County.

Judgment reversed.

GOLDBERG, P. J., and CAMPBELL, J., concur.