2019 IL App (1st) 191129-U

FIRST DISTRICT,
SECOND DIVISION
December 24, 2019

No. 1-19-1129

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CARLOS ZACARIAS, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| v. | ) | |
| | ) | |
| RWE MANAGEMENT, | ) | No. 2016 L 001222 |
| | ) | |
| Defendant | ) | Honorable |
| | ) | Patricia O'Brien Sheahan, |
| (Shea Law Group, | ) | Judge Presiding. |
| | ) | |
| Third-Party Appellee). | ) | |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's award of attorney fees affirmed where record on appeal was insufficient to determine the basis of trial court's judgment.

¶ 2    This appeal concerns a dispute about attorney fees between plaintiff Carlos Zacarias and his former counsel, Shea Law Group.

¶ 3        In 2014, Zacarias was injured in a construction accident. He retained Shea to represent him on a contingency fee basis in a personal injury action and a workers' compensation claim. Attorney Brian Hercule was assigned to Zacarias' case. Six weeks later, Hercule left Shea's employ and joined The Law Offices of John S. Eliasik. Zacarias discharged Shea and retained Hercule, now at Eliasik, to continue representing him.

¶ 4        Shea filed a fee petition claiming an attorney's lien for the value of the work it did on Zacarias' behalf. After a hearing, the trial court awarded $5400 to Shea on the basis of *quantum meruit*. Zacarias now appeals. For the reasons that follow, we affirm.

¶ 5                                    BACKGROUND

¶ 6        On July 26, 2014, Zacarias fell from a scaffold while working and was hospitalized with severe injuries. Shortly thereafter, he contacted Shea to discuss the possibility of litigation. On July 28, two of Shea's attorneys—Hercule and James Lawlor III—met with Zacarias in the hospital. Zacarias hired Shea on a contingency fee basis to represent him in a workers' compensation claim and a personal injury action against the general contractor (defendant RWE Management, which is not involved in this appeal).

¶ 7        Because Zacarias only spoke Spanish, and Hercule also spoke Spanish, Hercule was Zacarias' primary contact at Shea. Hercule and Lawlor worked on Zacarias' case for six weeks until September 5, 2014, when Hercule left Shea to begin working for Eliasik. On September 24, 2014, Zacarias discharged Shea and retained Hercule at Eliasik. Hercule represented Zacarias through 2019, when Zacarias settled both of his claims.

¶ 8        Meanwhile, Shea filed a fee petition claiming an attorney's lien for the value of the work it did on Zacarias' behalf. Shea and Zacarias engaged in negotiations regarding the disputed

fees. On January 11, 2019, Patrick Brooks, one of Shea's attorneys, sent an email to Hercule with the subject "Carlos Zacarias v. Salto Construction (14 WC 26846)," stating:

> "By my calculations, Shea Law Group has approximately seven (7) hours spent on this case at the very beginning before Eliasik's office took over. Most of that time was spent visiting client in hospital to sign up, investigation of third-party action and filing of WC claim. I would be willing to accept $1,400.00 ($200.00 per hour X 7 hours)."

Hercule agreed to that sum, and Zacarias paid $1400 to Shea.

¶ 9        Notwithstanding Zacarias' payment, Shea continued to assert its lien, and further negotiations between the parties were unsuccessful. On March 21, 2019, Zacarias filed a motion to adjudicate Shea's lien, arguing that his payment of $1400 constituted full compensation for Shea's work on his case.

¶ 10        Shea filed a response arguing that Zacarias' payment only covered the work done on his workers' compensation claim, and that Shea was still due compensation for the work it performed on Zacarias' personal injury action. Brooks filed an affidavit in support, stating that his offer of $1400 was only meant to cover the workers' compensation claim. Shea additionally stated that Hercule and Lawlor spent a "minimum" of 30 combined hours working on Zacarias' case (though it did not describe those hours in any greater detail) and asserted that Lawlor was a "Super Lawyer" entitled to a fee of $300 per hour. Finally, Shea attached an affidavit from Erin Shea, the executive director of Shea, who stated that Hercule's wages totaled $6000 from July 28 to September 5, 2014.

¶ 11        In his reply, Zacarias argued that Shea lacked an enforceable attorney's lien because it failed to give him written notice of the lien as required by the Attorneys Lien Act (Act) (770 ILCS 5/1 (West 2018)). He additionally argued that Shea was not entitled to additional payment

on the basis of *quantum meruit* since, per Brooks' email, Zacarias already paid Shea for "investigation of third-party action and filing of WC claim."

¶ 12　　Following a hearing on May 3, 2019, the trial court found that Shea was entitled to *quantum meruit* attorney fees in the amount of $5400, representing 18 hours of work at a rate of $300 per hour. It based that decision on "the facts alleged in both the defendant's response and plaintiff's reply briefs, including the affidavit of Patrick Brooks and the statements made by counsel about the considerable work done on the case during the 6 weeks."

¶ 13　　　　　　　　　　　　　　　　ANALYSIS

¶ 14　　Zacarias argues that the judgment of the trial court must be reversed because (1) Shea failed to fulfill the notice requirements set forth in the Act and (2) Shea presented no evidence that it was entitled to fees on a *quantum meruit* basis. We review the trial court's award of fees for an abuse of discretion. *DeLapaz v. SelectBuild Construction, Inc.*, 394 Ill. App. 3d 969, 972 (2009).

¶ 15　　Under the Attorneys Lien Act, an attorney may assert a lien for the reasonable value of services performed, but he must first perfect the lien by serving notice in writing on the party against whom he has a claim. 770 ILCS 5/1 (West 2018); *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 95 (2001). An attorney who does not strictly comply with the Act has no lien rights. *Philip Morris*, 198 Ill. 2d at 95; see *Unger v. Checker Taxi Co.*, 30 Ill. App. 2d 238, 241 (1961) (suit to enforce attorney's lien was properly dismissed where plaintiff did not give defendant written notice of lien, even though defendant had actual notice). Here, Zacarias alleges that Shea never served him with the requisite written notice. Shea does not dispute this point and, therefore, has forfeited any argument as to its compliance with the Act. Ill. S. Ct. R. 341(i) (eff. May 25, 2018).

¶ 16     Instead, Shea argues solely that it is entitled to fees under the common-law doctrine of *quantum meruit*.  See *Lewsader v. Wal-Mart Stores, Inc.*, 296 Ill. App. 3d 169, 175 (1998) (even where a statutory attorney's lien is unavailable, the trial court may still exercise its inherent equitable powers to award attorney fees).  When an attorney is hired on a contingency fee basis and then discharged, the attorney is entitled to payment for services rendered on the basis of *quantum meruit*, literally, "as much as he deserves."  (Internal quotation marks omitted.) *DeLapaz*, 394 Ill. App. 3d at 973.  In determining a proper fee, the court considers such factors as the amount of time spent, the attorney's skill and standing, the novelty and difficulty of the subject matter, the typical fee charged for such work, and the benefits to the client.  *Id.*

¶ 17     Zacarias contends that Shea did not present sufficient evidence for the trial court to determine a proper fee.  In support, he cites Shea's response to his motion to adjudicate, in which Shea asserted vaguely that Hercule and Lawlor spent a "minimum" of 30 hours on the case but did not provide any further details, such as a timeline or an itemization of hours spent.  In the absence of such information, Zacarias argues that the court had no basis on which to determine the amount and difficulty of the work they did or the reasonableness of the hours claimed.

¶ 18     But Zacarias has not included in the record any transcript, bystander's report, or agreed statement of facts regarding the May 3 hearing, during which counsel apparently made "statements *** about the considerable work done on the case during the 6 weeks."  It is the appellant's duty to present the court with a proper record on appeal.  *Cambridge Engineering v. Mercury Partners,* 378 Ill. App. 3d 437, 445 (2007).  Where there is a gap in the record that could affect our decision, we will presume the missing evidence supported the judgment of the trial court and resolve any doubts against the appellant.  *Id.* at 445-46; see also *Young v. Alden Gardens of Waterford*, 2015 IL App (1st) 131887, ¶ 67 ("If we are not provided with a complete

record, we must presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis"). Since we do not know what evidence was heard at the May 3 hearing, we must presume that the trial court had a sufficient basis for its decision and acted within its broad discretion in awarding $5400 to Shea.

¶ 19 Zacarias asserts that no evidence was presented at the May 3 hearing and the record on appeal is therefore "complete." But, for obvious reasons, he has no record support for this assertion, which is therefore forfeited. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); see *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 29 (arguments not supported by facts in the record "amount to no more than bare contentions, which do not merit consideration and are deemed forfeited"). Zacarias also argues that the Supreme Court Rules do not require appellant to file a transcript of the proceedings below. This is true; under Rule 323, appellant may instead file a bystander's report or an agreed statement of facts. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). But Zacarias failed to do any of these things regarding the May 3 hearing. In the absence of any evidence of what transpired at the hearing, we will not speculate or assume that the trial court abused its discretion in its award of fees.

¶ 20 CONCLUSION

¶ 21 For the foregoing reasons, we affirm the judgment of the trial court.

¶ 22 Affirmed.